## SUPREME COURT.

### CLARKE agt. CRANDALL.

An *appeal* to the special term, on a bill of exceptions taken at the circuit, under the code, is irregular, *where the suit is commenced before the passage of the code.* There is no provision for such cases in the code. The bill of exceptions must be argued pursuant to the former practice, although judgment may have been entered.

*Otsego Special Term.*—The defendant regularly took exceptions at the trial of the cause, and the bill of exceptions had been duly sealed. The plaintiff had perfected judgment, and the defendant had brought an appeal. The suit was commenced before the enactment of the code, and the plaintiff moved to quash the appeal, on the ground of an alleged irregularity in the manner of bringing it, and the giving of security.

G. W. GRAY, *for the plaintiff.*

H. BENNETT, *for the defendant.*

GRIDLEY, Justice.—This motion was argued as though it were necessary to sustain the appeal, in order to enable the defendant to review the decisions make at the circuit on the bill of exceptions. The counsel of

both parties have mistaken the practice. It appears by the papers that the suit was commenced in 1846. No appeal lies in such a case. The code has no application to suits commenced before the time when it became a law, except so far as the " act to facilitate the determination of existing suits," has made certain sections applicable to that class of cases. And the provisions, relating to appeals from the decision of a single judge, are not among those sections. The cause is therefore to be heard on the bill of exceptions, without an appeal.

The judgment was probably entered under the mistaken idea that the decisions of the judge at the circuit could not otherwise be reviewed. The fact that judgment has been perfected in the cause, however, since the act of 1832, (Laws of 1832, chap. 123, sec. 1,) forms no obstacle to the argument of the exceptions. It is true that the judgment may be collected unless the proceedings are stayed, but subject to a restitution, if the verdict be set aside and a new trial granted.

The appeal having been irregularly brought was a nullity and must be set aside, but without costs to either party.